ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| SARA CASILLAS SANTOS Y OTROS<br><br>**Parte recurrida**<br><br>v.<br><br>ROBERTO VÁZQUEZ<br><br>**Parte peticionaria** | TA2025CE00972 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Civil núm.: **CG2022CV01353**<br><br>Sobre: **DESAHUCIO** |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de enero de 2026.

Comparece ante nos Roberto Vázquez, en adelante, Vázquez o peticionario, solicitando que revisemos la *"Resolución Interlocutoria"* del Tribunal de Primera Instancia, Sala Superior de Caguas, en adelante, TPI-Caguas, del 1 de diciembre de 2025. En la misma, el Foro Recurrido denegó la solicitud del peticionario de realizar sendas alegaciones responsivas enmendadas.

Por los fundamentos que expondremos a continuación, *denegamos* expedir el recurso.

## I.

Florencio Berrios Castrodad, su esposa Sara Casillas Santos y la Sociedad Legal de Gananciales entre ambos, en adelante, SLG Berrios-Casillas o recurrida, son propietarios de un terreno en el Municipio de Cidra.[1] Con relación al terreno mencionado, y según la *"Demanda"* que dio paso a la controversia que hoy nos ocupa, la recurrida acordó un contrato de opción de compraventa verbal con

---

[1] SUMAC, Entrada Núm. 1, Anejo 3.

Vázquez.[2] Este último ocupaba como arrendatario una estructura ubicada en dicha propiedad. Sin embargo, alega la demanda que la recurrida ha intentado en varias ocasiones, extrajudicial e infructuosamente, hacer que el peticionario ejerza la opción de compraventa. Alega también que, desde el mes de noviembre del año 2017, la estructura en la propiedad en cuestión ha sido ocupada por Miguel Díaz y que este le paga un canon de arrendamiento a Vázquez.

Por estos hechos, la recurrida presentó una *"Demanda"* de Desahucio y Acción Reivindicatoria contra el peticionario el 28 de abril de 2022.[3] El 11 de julio de 2022, Vázquez presentó su contestación a la demanda y una reconvención por daños y perjuicios e incumplimiento de contrato.[4]

El 25 de agosto de 2022 los recurridos enmendaron su demanda y presentaron su contestación a la reconvención.[5] El 23 de septiembre de 2022, el peticionario solicitó una prórroga de veinte (20) días para contestar la misma.[6] El Foro Primario concedió la extensión.[7] Así, el 19 de octubre de 2022, Vázquez presentó su *"Contestación a Demanda Enmendada"*.[8]

Luego de varios asuntos de naturaleza procesal y sustantiva, incluyendo el descubrimiento de prueba, surge que el 27 de septiembre de 2024, la SLG Berrios-Casillas presentó una *"Moción de Sentencia Sumaria de Demanda"*.[9] Por su parte, el 18 de noviembre de 2024, Vázquez radicó su *"Moción en Oposición a Solicitud de Sentencia Sumaria"*.[10] Posteriormente, el 25 de marzo

---

[2] SUMAC, Entrada Núm. 1.
[3] SUMAC, Entrada Núm. 1.
[4] SUMAC, Entrada Núm. 21.
[5] SUMAC, Entrada Núm. 29 y 30.
[6] SUMAC, Entrada Núm. 38.
[7] SUMAC, Entrada Núm. 39.
[8] SUMAC, Entrada Núm. 40.
[9] SUMAC, Entrada Núm. 146.
[10] SUMAC, Entrada Núm. 158.

de 2025 el TPI-Caguas notificó una "Resolución" en la que declaró *"No Ha Lugar"* la solicitud de sentencia sumaria.[11]

Así las cosas, el 24 de junio de 2025 el peticionario presentó una *"Urgente Comparecencia Especial para Informar Interés de Enmendar Alegaciones [Entradas #21 y #40] y de Enmendar la Oposición a Solicitud de Sentencia Sumaria [Entrada #158]; y Oposición a 'Moción de Reconsideración' [Entrada #173]"*.[12] En la misma, indicó que se proponía presentar enmiendas a su *"Contestación a Demanda"* del 11 de julio de 2022 y a su *"Contestación a Demanda Enmendada"* del 19 de octubre de 2022. Además, expresó que era necesario enmendar la oposición a la petición de sentencia sumaria solicitada por la SLG Berrios-Casillas y su oposición a la reconsideración solicitada de igual forma por la recurrida. Sin embargo, 15 de julio de 2025 la SLG Berrios-Casillas se opuso a las precitadas peticiones.[13]

Por su parte, el Foro Recurrido indicó el 23 de julio de 2025 que las partes deberán argumentar los fundamentos de sus respectivas mociones en la vista señalada para el 16 de septiembre de 2025.[14] Sin embargo, la misma quedó reseñalada para el 3 de noviembre de 2025.[15]

Ahora bien, antes de la celebración de la vista pautada, el peticionario recurrió nuevamente al TPI-Caguas con otra moción. El 29 de septiembre de 2025 radicó una *"Moción para Presentar Contestación Enmendada a Demanda Enmendada, Reconvención Enmendada y Demanda Contra Tercero"*.[16] En ella, anejó la *"Contestación Enmendada a Demanda Enmendada, Reconvención Enmendada y Demanda Contra Tercero"*. Ese mismo día, el TPI-Caguas emitió una *"Resolución Interlocutoria"* indicando que el

---

[11] SUMAC, Entrada Núm. 170.
[12] SUMAC, Entrada Núm. 188.
[13] SUMAC, Entrada Núm. 190.
[14] SUMAC, Entrada Núm. 191.
[15] SUMAC, Entrada Núm. 192.
[16] SUMAC, Entrada Núm. 193.

asunto se discutiría en la vista señalada para el 3 de noviembre de 2025.[17]

Según obra en la *"Minuta"* de la vista del 3 de noviembre de 2025, el Foro Primario hizo "referencia a la Moción Urgente (Entrada 188) presentada por la parte demandada y a la Moción de Oposición (Entrada 190) presentada por la parte demandante". Sin embargo, según recoge la minuta, podemos apreciar que los abogados de las partes también argumentaron sobre el asunto relacionado a la demanda.[18] El TPI-Caguas indicó que daba "por sometida las mociones presentadas en la Entrada 188, 190 y Solicitud a Reconsideración de la Sentencia Sumaria".

Así las cosas, el Foro Recurrido notificó una *"Resolución Interlocutoria"* el 1 de diciembre de 2025 en la que dispuso *No Ha Lugar.*

Inconforme, el 30 de diciembre de 2025 el peticionario recurrió ante esta Curia mediante una *"Petición de Certiorari"* en la que hizo los siguientes señalamientos de error:

> **PRIMER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO PERMITIRLE A EL PETICIONARIO PRESENTAR UNA ALEGACIÓN ENMENDADA (CONTESTACIÓN ENMENDADA A DEMANDA ENMENDADA, RECONVENCIÓN ENMENDADA Y DEMANDA CONTRA TERCERO).
>
> **SEGUNDO ERROR:** ERRÓ EL TPI AL NO PERMITIR UNA DEMANDA CONTRA TERCERO QUE COMO CUESTIÓN DE HECHO Y DE DERECHO ES UNA PARTE INDISPENSABLE EN EL PLEITO.

El 13 de enero de 2026 emitimos una *"Resolución"* en la que ordenamos a la parte recurrida a presentar su posición en cuanto al recurso en o antes del 16 de enero de 2026, en conformidad con la Regla 37 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 56-57, 215 DPR ___ (2025). El 20 de enero de 2026 recibimos el *"Alegato en Oposición a Expedición de Recurso de Certiorari".*

---

[17] SUMAC, Entrada Núm. 194.
[18] SUMAC, Entrada Núm. 195.

Perfeccionado el recurso de autos, procedemos a expresarnos.

**II.**

### A. *Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020).

Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903

(2023); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### III.

La parte peticionaria recurre ante nos de la *"Resolución Interlocutoria"* notificada por el TPI-Caguas el 1 de diciembre de 2025, en la que el Foro Primario atendió la solicitud del peticionario de enmendar las dos (2) contestaciones a la demanda y demanda enmendadas previas, enmendar su reconvención y enmendar la oposición que presentó a la moción de sentencia sumaria de la SLG Berrios-Casillas. Además, impugnó la determinación de denegar la demanda contra tercero que solicitó, alegando que esta era parte indispensable.

Evaluados bajo el crisol de la Regla 52.1 de Procedimiento Civil, *supra,* los argumentos de error que versan sobre la denegatoria del TPI-Caguas a permitirle a la parte peticionaria enmendar la serie de escritos aludidos, y la denegatoria de presentar la demanda contra tercero, concluimos que los mismos no justifican nuestra intervención. Así, según lo dispuesto en la referida Regla y los criterios evaluativos de la Regla 40 de nuestro Reglamento, *supra,* ejercemos nuestra discreción denegando intervenir en los méritos del asunto. Consideramos que, en ausencia de un fracaso irremediable de la justicia, nuestra intervención en el caso de epígrafe no se justifica.

### IV.

Por los fundamentos antes expuestos, *denegamos la expedición del recurso de certiorari.*

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones